IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW LAWRENCE,
An Individual,

    Plaintiff,

vs.

TRADEMARK METALS
RECYCLING LLC, A Foreign Limited
Liability Company,

    Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

MATTHEW LAWRENCE ("Mr. Lawrence" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant, TRADEMARK METALS RECYCLING LLC ("TMR").

## NATURE OF ACTION

1. This action is brought pursuant to violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Orange County, Florida.

## PARTIES

4. At all times relevant to this action, Plaintiff, Mr. Lawrence is a resident of Orange County, Florida.

5. At all times relevant to this action, Plaintiff, Mr. Lawrence was an employee of Defendant TMR.

6. At all times relevant to this action, Defendant TMR is a Foreign Limited Liability Company doing business in Orange County, Florida.

7. At all times relevant to this action, Defendant TMR was and is an "employer" as defined by Title VII, 42 U.S.C. § 2000e.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached as Exhibit "A".

9. A notification of Right to Sue was received from the EEOC on or about September 7, 2021, and a copy is attached as Exhibit "B".

10. All conditions precedent to bringing this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

11. In or around July 2018, Mr. Lawrence began his employment with TMR as a Kiosk Operator.

12. In or around January 2021, Mr. Lawrence converted to specific sect of Judaism which required him to strictly observe the Sabbath.

13. In or around January 2021, Mr. Lawrence notified his supervisor and general manager, orally and in writing, of his conversion, religious beliefs, and his observance of the Sabbath.

14. Mr. Lawrence requested that he be allowed to Observe the Sabbath which requires him to refrain from work from sundown Friday until sundown Saturday.

15. In response, instead of allowing Mr. Lawrence to observe the Sabbath, TMR required Mr. Lawrence to work two Saturdays per month.

16. For the Saturdays that Mr. Lawrence was required to work, he was told he needed to find an employee to cover his Saturday shift and management needed to approve the swap.

17. On three occasions, February 6, 2021, February 27, 2021 and March 27, 2021, when Mr. Lawrence was required to work a Saturday, he secured a suitable replacement to cover his shift. However, his manager, Peter Byrnes ("Mr. Byrnes"), actively obstructed and denied the replacements.

18. Although Mr. Lawrence would notify Mr. Byrnes days before Mr. Lawrence's scheduled Saturday shift, Mr. Byrnes would deny the shift swap the morning of Mr. Lawrence's Saturday shift.

19. When Mr. Lawrence failed to report to work on Saturday due to his observance of the Sabbath, he was disciplined and ultimately terminated.

20. On or around March 30, 2021, TMR handed Mr. Lawrence his termination letter.

## COUNT I – VIOLATION OF TITLE VII RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE

21. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Twenty (20) as though fully set forth herein.

22. Plaintiff notified TMR of his religious belief that required Plaintiff to observe the Sabbath.

23. TMR failed to eliminate the conflict when it required Plaintiff to work on the Sabbath two times per month.

24. TMR terminated Plaintiff's employment because Plaintiff failed to comply with TMR's conflicting employment requirement that required Plaintiff to work on the Sabbath.

25. TMR failed to provide Plaintiff with a reasonable accommodation for Plaintiff's religious beliefs, and consequently discriminated against Plaintiff on the basis of his religion.

26. TMR acted with malice and reckless indifference to Plaintiff's federally protected rights in failing or refusing to accommodate Plaintiff's religious beliefs in violation of Title VII.

**WHEREFORE**, Plaintiff demands judgment against TMR to include: an award of backpay and benefits, front pay, prejudgment and post

judgement interest, compensatory damages, non-pecuniary damages, punitive damages, declaratory relief, injunctive relief, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: **October 7, 2021**

Respectfully submitted,

*/s/ Aaron C. Roberson*_____
AARON C. ROBERSON
Florida Bar Number 1018139
DERON T. ROBERSON, JR.
Florida Bar Number 1011941
ROBERSON & ROBERSON P.A.
Email:
a.roberson@robersonemploymentlaw.com;
d.roberson@robersonemploymentlaw.com;
Info@robersonemploymentlaw.com
16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33602
Phone: 813.808.3688
Attorneys for Plaintiff